IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHERINE BARKER,

    Plaintiff,

        v.

MARRIOTT INTERNATIONAL, INC.,
d/b/a ATLANTA MARRIOTT
MARQUIS,

    Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-4936-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant's Partial Motion to Dismiss the Plaintiff's Punitive Damages and Attorneys' Fees Claims [Doc. 4] and the Plaintiff's Motion for Oral Argument [Doc. 12]. For the reasons set forth below, the Defendant's Partial Motion to Dismiss [Doc. 4] is DENIED, and the Plaintiff's Motion for Oral Argument [Doc. 12] is DENIED.

## I.    Background[1]

This case arises from alleged injuries sustained by the Plaintiff Catherine Barker in August 2021 while she attended a conference at the Atlanta Marriott Marquis Hotel, owned by the Defendant Marriott

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Partial Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

International, Inc. ("Marriott"). (Compl. ¶¶ 5–7). The Plaintiff claims that as she was exiting one of the conference rooms, she tripped and fell on a flag stand that was about one inch tall and was "haphazardly" positioned on the floor in the walkway. (*Id.* ¶ 7). Because of the incident, the Plaintiff claims that she sustained serious injuries, including a head concussion and fractured ribs, among others, and the need for surgery. (*Id.* ¶ 8). On November 15, 2022, the Plaintiff filed suit in Gwinnett County State Court, seeking damages for her injuries, and the Defendant timely removed. The Defendant now seeks dismissal of the Plaintiff's claims for punitive damages and attorneys' fees.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff

2

"receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.   Discussion

In support of their motion to dismiss the Plaintiff's punitive damages and attorneys' fees claims, the Defendant argues that Georgia law precludes recovery for such claims under theories of negligence or gross negligence and that the Plaintiff fails to plead facts supporting either an award of punitive damages or attorneys' fees. (Br. in Supp. of Def.'s Partial Mot. to Dismiss, at 3). In response, the Plaintiff argues that when a defendant knows about a hazard but chooses not to remove it or warn customers about it, Georgia law permits a plaintiff to recover punitive damages and attorneys' fees. (Pl.'s Resp. Br. in Opp'n to Def.'s Partial Mot. to Dismiss, at 2).

Under Georgia law, a court may award punitive damages in tort cases when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).

> Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. . . . Under Georgia law, wanton conduct is that which is so reckless [and] so charged with indifference to the consequences as to be the equivalent in [spirit] to actual intent. Conscious indifference to consequences involves an intentional disregard of the rights of another, knowingly or willfully disregarding those rights.

*MCI Commc'ns Servs., Inc. v. CMES, Inc.*, 2010 WL 11598124, at *4 (N.D. Ga. June 8, 2010). "Punitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (1988).

In addition, Georgia law allows for the recovery of attorneys' fees in a case when "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. A plaintiff's allegations of bad faith must be related to "the transaction and dealings out of which the cause of action arose," as opposed to any resistance by the defendant after the plaintiff has filed suit. *Brown v. Baker*, 197 Ga. App. 466, 467 (1990) (citation omitted). Georgia courts have acknowledged that similar evidence may ultimately support both a finding of willful or wanton misconduct in an award of punitive damages and a finding of bad faith in an award of attorneys' fees. *See, e.g., Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 342 (1984).

Accepting the Complaint's allegations as true and construing them in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff has alleged facially plausible facts that show the Defendant acted with the requisite willfulness or wantonness to permit an award of punitive damages and that such facts also support the requisite bad faith for an award of attorneys' fees. *See Demarco v. Rakmanov*, 2021 WL 8998908, at *2 (N.D. Ga. Apr. 15, 2021). Specifically, the Plaintiff alleges (1) that the "Defendant knew . . . of the hazardous condition of the pedestrian walkway" but "did not remove the hazard . . . or take any steps to block off the area" and (2) that the "Defendant knew . . . that the failure to correct . . . [the] condition(s) was likely to result in the precise injuries suffered by Plaintiff." (Compl. ¶¶ 13, 15). Such general allegations of knowledge on the part of the Defendant are sufficient at the pleading stage to plausibly support the Plaintiff's claims. *See* Fed. R. Civ. P. 9(b). If the Defendant indeed knew of the hazardous flag stand in the conference room area and the likelihood of resultant injuries to a hotel patron who tripped over it, then such a fact could plausibly constitute willful or wanton misconduct or bad faith, supporting a claim for punitive damages or attorneys' fees. *See Stubblefield*, 171 Ga. App. at 342. Thus, the Defendant is not entitled to dismissal of the Plaintiff's claims for punitive damages and attorneys' fees.

5

## IV.   Conclusion

For the foregoing reasons, the Defendant's Partial Motion to Dismiss the

Plaintiff's Punitive Damages and Attorneys' Fees Claims [Doc. 4] is DENIED,

and the Plaintiff's Motion for Oral Argument [Doc. 12] is DENIED as moot.

SO ORDERED, this ___13th___ day of March, 2023.

THOMAS W. THRASH, JR.
United States District Judge